IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**DAVID KENT FITCH #34775-048**
        **Plaintiff,**

-vs-                                                                       **Case No. A-09-CA-583-JN**

**HARLEY G. LAPPIN, WARDEN**
**CLAUDE MAYE, DR. McLAUGHLIN,**
**ANNE FELTS, LT. GAMBOL, LT. ALLISON,**
**ASSISTANT WARDEN COSCO,**
**MR. RAMIREZ, CAPTAIN ENGLISH, and**
**C.O. AUGUSTA,**
        **Defendants.**

---

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE JAMES R. NOWLIN
         UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint (Document No. 1); Defendants' Motion for Summary Judgment (Document No. 32); Plaintiff's Motion to Stay (Document No. 36); Defendants' response thereto (Document No. 38) and Plaintiff's Motion to Strike Rex Blocker's Declaration and Oppose Defendants' Motion in Opposition to Plaintiff's Motion to Stay Proceedings (Document 42). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

# I. BACKGROUND

At the time he filed his complaint, Plaintiff was confined in FCI Bastrop. Plaintiff has since been transferred to FCI Edgefield. Plaintiff alleges that during his confinement at FCI Bastrop staff refused to give him access to his legal work, the courts, an adequate library, his appellate attorney, and photocopies for court documents; withheld or delayed his mail, refused him indigent status for legal mail and general correspondence, denied him equal protection and due process of the law, and violated prison policies with regard to correspondence regulations, telephone regulations, legal matters and administrative segregation or detention. Plaintiff sues Harley G. Lappin, Warden Claude Maye, Dr. McLaughlin, Anne Felts, Lt. Gambol, Lt. Allison, Assistant Warden Cosco, Mr. Ramirez, Captain English, and C.O. Augusta. Plaintiff requests the Court to release him from federal custody, pay him for pain and suffering, or in the alternative, transfer him to a medical facility.

Defendants move for summary judgment, arguing Plaintiff failed to exhaust his administrative remedies prior to filing his lawsuit. Although he was granted an extension of time to file a response, Plaintiff failed to do so. Instead, Plaintiff moves to stay this case.

# II. ANALYSIS

A.  <u>Motion to Stay</u>

Plaintiff claims he had a stroke and is experiencing memory loss. He moves to stay the case to give him ample time to recover and regain his mental faculties. Defendants oppose the motion to stay and have provided the Court with an affidavit from a medical doctor, refuting Plaintiff's claim of a stroke. Plaintiff moves to strike the affidavit and asserts he has never given a voluntary release regarding his medical information.

Even assuming Plaintiff had a stroke, an extension of time to respond to the Defendants' Motion for Summary Judgment would only delay the inevitable. As explained below, Plaintiff has failed to exhaust his administrative remedies prior to filing his complaint. Accordingly, Plaintiff's Motion to Stay and Motion to Strike should be denied.

B.     Standard of Review Under Fed. R. Civ. P. 56(c)

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); Fed. R. Civ. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Fed. R. Civ. P. 56(e); Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

  C. Exhaustion of Administrative Remedies

The PLRA provides "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Days v. Johnson, 322F.3d 863, 866 (5th Cir. 2003); Underwood v. Wilson, 151 F.3d 292, 293 (5th Cir. 1998). Exhaustion is now mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 739, 741 n. 6, 121 S. Ct. 1819 (2001). Additionally, "[u]nder the present version of § 1997e, the district court is no longer required to determine whether a prisoner . . . has reasonably and in good-faith pursued his administrative remedies." Underwood, 151 F.3d at 294.

Since the amendment of § 1997e, the Fifth Circuit has taken a strict approach to the exhaustion requirement. See Richardson v. Spurlock, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal of inmate's § 1983 claim for failure to exhaust because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal"); Wright v. Hollingsworth, 260 F.3d 357,

358 (5th Cir. 2001) (stating "[n]othing in the [PLRA] . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems") (footnote omitted). On the other hand, the Fifth Circuit has also stated the exhaustion requirement "may be subject to certain defenses such as waiver, estoppel, or equitable tolling." Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998).

The Supreme Court has made clear "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative sources." Booth, 532 U.S. at 741, 121 S. Ct. at 1825, n.6. Additionally, the Supreme Court has held the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002).

The Federal Bureau of Prisons, which administers the prison in which Plaintiff is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff by filing a BP-8 form. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden using a BP-9 form. 28 C.F.R. § 542.13(b). If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel using form BP-11. 28 C.F.R. § 542.15.

Defendants have provided the Court with the affidavit of Eric W. Hammonds, Supervisory Attorney for the Houston Consolidated Legal Center at the Federal Detention Center. Hammonds attests that Plaintiff was incarcerated at FCI Bastrop from February 17, 2009, until August 18, 2009.

According to Hammonds, Plaintiff submitted four requests for administrative remedy pursuant to the BOP's administrative remedy system while he was confined in FCI Bastrop. Request for administrative remedy 545647-FI was received by the warden on July 1, 2009, and was rejected due to Plaintiff's failure to submit it through his counselor or other authorized person. Request for administrative remedy 545647-F2 was received by the warden on July 8, 2009, and was denied on July 28, 2009. Defendants' records reflect Plaintiff made no attempt to appeal that decision. Request for administrative remedy 545802-A1 was filed directly with General Counsel, but it was rejected on July 6, 2009, as it was not considered to be of a sensitive nature. Finally, request for administrative remedy 548893-R1 was filed directly with the Regional Office, but it was rejected on July 16, 2009, as it was also not considered to be of a sensitive nature. Defendants' summary judgment evidence demonstrates Plaintiff did not complete the exhaustion process with regard to his properly filed request for administrative remedy and did not officially start the exhaustion process with regard to the remainder.

Attached to Plaintiff's complaint are documents in which he attempts to demonstrate the exhaustion of his administrative remedies. Plaintiff's Exhibit 4, dated July 16, 2009, is a BP-8 directed to Mr. Ramirez. Plaintiff's Exhibit 5, dated July 12, 2009, is a BP-9 directed to Warden Maye, and Plaintiff's Exhibit 10, dated July 16, 2009, is a BP-8 directed to Dr. McLaughlin. Plaintiff complains he did not receive responses to his requests.

Pursuant to 28 C.F.R. § 542.18 the warden has 20 calendar days in which to respond to a BP-9. This response time may be extended by 20 days. 28 C.F.R. §542.18. Assuming Plaintiff submitted the above referenced BP-8's and BP-9, he did not wait for timely responses prior to filing

his federal complaint. Plaintiff executed his complaint on July 25, 2009, before the response deadline had expired.

Plaintiff also provides the Court with Exhibit 3, a BP-8, dated June 13, 2009, directed to Dr. McLaughlin regarding Plaintiff's medical care. Although the response time had expired prior to filing his federal complaint, Plaintiff was required to submit his request to the warden in a BP-9. Plaintiff's Exhibit 5, dated July 12, 2009, includes Plaintiff's concern regarding his medical treatment. As explained above, Plaintiff filed his federal complaint prior to the deadline for the warden's response. Accordingly, Plaintiff failed to exhaust his administrative remedies prior to filing his federal complaint.

### III. RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendants' Motion for Summary Judgment and **DISMISS WITHOUT PREJUDICE** Plaintiff's complaint for failure to exhaust his administrative remedies. The undersigned further recommends that the District Court **DENY** Plaintiff's Motion to Stay.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations

in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of January, 2010.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE